BRADLEY, Judge.
The appellant, Bobby Wayne Collins, was incarcerated in the Morgan County jail on August 26, 1976 by order of the Morgan County Court for non-payment of child support. After several days in jail, Collins filed a petition for writ of habeas corpus in the Morgan County Circuit Court. A hearing was held thereon and the writ was denied. Collins appeals that decision to this court. The circuit court set bond at $1,000 for Collins’ release from jail pending the outcome of this appeal.
Collins’ primary contention here is that he is unable to comply with the trial court’s order to pay $1,200 into the coffers of the court in order to purge his contempt.
The facts show Collins and his first wife were divorced in December 1972 and the wife was awarded custody of their only child. Collins was ordered to pay $20 per week child support. Since that time Collins has been cited for contempt three times for failure to pay child support as ordered. Each time the amount in arrears was paid, thereby avoiding lengthy incarceration. This time Collins was ordered to pay $1,200, which included back child support, attorney’s fees and court costs.
Since his first divorce, Collins has remarried and has two children by this marriage. His present wife is employed.
Collins’ 1975 income tax return showed that he had earnings in that year of $3,187. He testified that he is a logger and in partnership with his father. Logging is his only source of income. He also said that he is in arrearage on payments for his mobile home, behind in payments on a loan from an individual, owes a large sum to a grocery store for groceries, and has other debts. He was not able to state specifically the amount of these debts. He cancelled his health insurance and sold a 1973 Ford Tori-no because he was unable to keep up the payments; he was unable to remember the name of the buyer.
Collins could not remember his monthly income for 1976, although he said he received about $100 a week in 1975. He said he had borrowed money to pay his grocery bill, light and water bills, and trailer payment, but did not know where he had borrowed, how much, or when; he then said he had borrowed $200 from his daddy, an indeterminate amount from Mr. Bob Russell at Somerville Lumber Company, and from Mr. Burden. When asked how much he spent a week on groceries, he said he did not know. The trailer space where he parks his trailer requires no rental. He has been paying on the trailer for about two years.
Collins’ mother testified that she kept the books and records for the logging operation and she paid her son for his services by check. She said she and her husband were in debt and could not borrow $1,200 to get their son out of jail. After all expenses in the logging operation are paid, the remainder is divided equally between father and son. This witness did not have her check records for 1976 in court and she could not say how much had been paid to their son for 1976.
Muery v. Muery, 46 Ala.App. 617, 247 So.2d 123, cert. den. 287 Ala. 737, 247 So.2d 128 (1971), stands for the proposition that a petitioner cannot be held in jail under a civil contempt citation for failure to pay alimony and child support when he is unable to purge himself of the contempt due to inability to comply with the order.
The trial court, after hearing and seeing the witnesses testify and considering all of the evidence produced at the hearing, denied the request for habeas corpus. It in effect concluded from the evidence presented to it that the petitioner had not sustained his burden to convince the court that he is unable to purge himself of the contempt because of his inability to pay the amount deemed owed as back child support. After a careful examination of that same evidence, we cannot say that the trial court erred in denying the habeas corpus writ. We therefore affirm its judgment.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.